**IT IS ORDERED as set forth below:**



Date: March 8, 2017

_____

**W. Homer Drake**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBER |
| | : | |
| HARRY EUGENE NORTON, | : | 16-10323-WHD |
| _____ | : | |
| | : | |
| KAREN L NORTON, | : | ADVERSARY PROCEEDING |
| Plaintiff, | : | NO. 16-1028-WHD |
| | : | |
| v. | : | |
| | : | |
| HARRY E NORTON, | : | IN PROCEEDINGS UNDER |
| Defendant. | : | CHAPTER 13 OF THE |
| | : | BANKRUPTCY CODE |

**ORDER**

Karen L Norton (hereinafter the "Plaintiff") filed the complaint initiating the above-styled adversary proceeding on September 30, 2016. The Plaintiff seeks a determination that a $53,000 debt owed to her by Harry E Norton (hereinafter the "Debtor") is excepted from discharge as a domestic support obligation pursuant to

§ 523(a)(5) of the Bankruptcy Code. This is a core proceeding, *see* 28 U.S.C. § 157(b0(2)(I), over which this Court has subject matter jurisdiction, *see* 28 U.S.C. §§ 157(a), 1334.

This proceeding came before the Court for trial on February 23, 2017. Having heard the evidence and the argument of counsel, the Court finds and concludes as set forth below.

## Findings of Fact

A. The Parties

The Superior Court of Upson County, Georgia, entered the final decree divorcing the Plaintiff and the Debtor on February 5, 2016. At the time of the divorce, the Plaintiff was living in North Carolina, where she has lived since August of 2014. Prior to moving to North Carolina, the Plaintiff, who holds a bachelor's degree in psychology from the University of Georgia, operated her own part-time medical transcription business. The Plaintiff obtained full-time employment when she moved to North Carolina, but had no individual retirement savings.

The Debtor, who has an eighth grade education, was working as a mobile service technician, making approximately $9,300 per month before deductions. The Debtor also had a 401(k) retirement account worth approximately $53,000.

The Plaintiff and the Debtor have a minor daughter, who lives with the Plaintiff.

B. The Terms of the Decree

Prior to the entry of the final decree, the parties had engaged in mediation. The final decree represented the Superior Court's ratification of the parties' settlement agreement.

The decree contains, *inter alia*, the following terms:

a) The Debtor is to make payments of $1,300 as child support for the couple's minor daughter, maintain health insurance for the child, and pay 75% of any medical, dental, or other health costs not covered by insurance.

b) The Debtor will keep his 401(k) account.

c) The couple's marital residence was to be sold and the proceeds divided equally between the parties. Until the house was sold, the Debtor would continue to have use of the property and was responsible for the mortgage.

d) The Debtor will pay the Plaintiff "$53,000 as part of the property division." This amount is to be paid at $500 per month until the marital residence is sold, and then at $700 per month. The Debtor has the option of making full or partial "lump sum" payments at any time. The parties reached this $53,000 figure after consideration of their marital assets and the Debtor's 401(k).

e) The property division payments to the Plaintiff shall not be dischargeable in bankruptcy.

The Debtor filed his petition under Chapter 13 on February 16, 2016—less than two weeks after the divorce. He never made any payments towards the $53,000. It is this debt that the Plaintiff seeks to have declared nondischargeable.

## Conclusions of Law

A. The Nondischargeability Provision

The Court finds it necessary first to address the "nondischargeability" provision in the decree: "The property division payments to the wife shall not be dischargeable in bankruptcy should the husband file for bankruptcy." Provisions of this type, seeking to "bankruptcy proof" contracts and agreements, are not enforceable as against public policy. *See Hester v. Daniel (In re Daniel)*, 290 B.R. 914, 919-20 (Bankr. M.D. Ga. 2003) (quoting *In re Shady Grove Tech Center Assocs. Ltd. P'ship*, 216 B.R. 386, 389 (Bankr. D. Md. 1998)) ("[C]ourts have not permitted pre-petition waivers of protection afforded by a bankruptcy case to be self-executing."); *Freeman v. Freeman (In re Freeman)*, 165 B.R. 307, 312 (Bankr. S.D. Fla. 1994) ("Provisions in a property settlement agreement that obligations thereunder are non-dischargeable in bankruptcy are not specifically enforceable and in themselves are not binding. An agreement to waive the benefit of a discharge in bankruptcy is void, as against public policy."); *see also* HON. W.

HOMER DRAKE, JR. & KAREN VISSER, BANKRUPTCY PRACTICE FOR THE GENERAL PRACTITIONER § 11:26 (3rd ed. 2011) ("The practitioner should recognize, however, that a prepetition waiver of discharge will be unenforceable, as such an agreement offends public policy."). The fact that the waiver is included in an order of the Superior Court does not change this analysis. As the Debtor did not file his petition until after the decree was entered, the Superior Court had no jurisdiction to decide the issue of dischargeability. *See Cheripka v. Republic Ins. Co. (In re Cheripka)*, 122 B.R. 33, 36 (Bankr. W.D. Penn. 1990) ("The District Court lacked subject matter jurisdiction to enter judgment on the issue of nondischargeability where no bankruptcy case had been filed.").

Thus, the nondischargeability provision of the final decree does not control this Court's decision. However, the waiver may be some evidence of whether the parties intended the $53,000 to be a domestic support obligation. *See generally Reynolds v. Reynolds (In re Reynolds)*, 546 B.R. 232, 234 n.7 (Bankr. M.D. Fla. 2016) (noting that labels in a settlement agreement are "perhaps instructive," but they "are not determinations of whether an obligation is a 'domestic support obligation.'").

B. Dischargeability Under § 523(a)(5)

Section 523(a)(5) excepts from discharge debts "for a domestic support obligation." 11 U.S.C. § 523(a)(5).

> In order for a debt to constitute a "domestic support obligation," it must meet four general criteria: (1) it must be owed to "(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit"; (2) it must be "in the nature of alimony, maintenance, or support of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated"; (3) established or subject to establishment before the filing of the bankruptcy petition; and (4) "not assigned to a nongovernmental entity," unless it was assigned voluntarily "for the purpose of collecting the debt."

*McCarthney v. Hill (In re Hill)*, 2016 WL 3135753, at *2 (Bankr. N.D. Ga. Apr. 29, 2016) (Drake, J.) (quoting 11 U.S.C. § 101(14A)).

In the instant proceeding, the only one of those criteria in dispute is whether the $53,000 debt is "in the nature of alimony, maintenance, or support." The parties labeled the $53,000 as a "property division," but labels are not controlling. *Cummings v. Cummings (In re Cummings)*, 244 F.3d 1263, 1265 (11th Cir. 2001). Instead, the parties' intent controls: "A debt is in the nature of support or alimony if at the time of its creation the parties intended the obligation to function as support or alimony." *Id.* The Plaintiff bears the burden of showing by a preponderance of the evidence that the debt is a domestic support obligation. *See* Fed. R. Bankr. P. 4005 ("At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection."); *see also Grogan v. Garner*, 498 U.S. 279, 291 (1991) ("For these reasons, we hold that the standard of proof

for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard.").

This Court has previously considered six non-exclusive factors when determining if a debt is "in the nature of support":

> (1) Whether the obligation under consideration is subject to contingencies, such as death or remarriage;
> (2) Whether the payment was fashioned in order to balance disparate incomes of the parties;
> (3) Whether the obligation is payable in installments or a lump sum;
> (4) Whether there are minor children involved in a marriage requiring support;
> (5) The respective physical health of the spouse and the level of education;
> (6) Whether, in fact, there was a need for spousal support at the time of the circumstances of the particular case.

*Robinson v. Robinson (In re Robinson)*, 193 B.R. 367, 372 (Bankr. N.D. Ga. 1996) (Drake, J.). Other courts have considered other factors, such as whether the divorce agreement contains a waiver of support or whether the parties have treated the debts as "support" for tax purposes. *See e.g.*, *McCollum v. McCollum (In re McCollum)*, 415 B.R. 625, 631 (Bankr. M.D. Ga. 2009). With these guiding principles in mind, the Court must determine whether the $53,000 is in the nature of support.

*1. Is the obligation subject to contingencies, such as death or remarriage?*

The $53,000 debt is not subject to any contingencies. The decree calls for the payment of the money regardless of the Plaintiff's circumstances. Therefore, this weighs against a finding that the debt is in the nature of support.

*2. Is the payment fashioned in order to balance disparate incomes?*

The testimony at trial showed that the Plaintiff makes less money than the Debtor. However, the testimony also showed that the $53,000 mark was not reached by reference to the parties' incomes, but rather by consideration of the couple's marital property and the value of the Debtor's 401(k) account. As a result, this factor also weighs against a finding that the debt is in the nature of support.

*3. Is the obligation payable in installments or lump sum?*

The $53,000 is payable in both ways—the Debtor can either make periodic payments or pay it all at one time. The fact that the Debtor can pay the whole amount at once weighs against a finding that the debt is in the nature of support.

*4. Are there minor children involved in the marriage requiring support?*

The couple has a minor daughter who lives with the Plaintiff, so there is a need for child support. However, the decree provides that the Debtor is to make payments of $1,300 per month specifically for child support, as well as maintain insurance and pay 75% of the child's healthcare costs not covered by insurance.

Because the decree requires special payments for child support, the $53,000 at issue in this case does not appear to be intended for that purpose. Thus, this weighs against a finding that the debt is in the nature of support.

*5. Is there a disparity between the health or education of the parties?*

Though the Court did not hear any evidence concerning the parties' health, the testimony at trial showed that there is a considerable disparity in education between the Plaintiff, who holds a bachelor's degree, and the Debtor, who has completed the eighth grade. The Plaintiff's clear advantage over the Debtor in terms of education weighs against a finding that the debt owed to her is in the nature of support.

*6. Was there in fact a need for support at the time of the decree?*

While the parties were married, the Plaintiff only worked part time. However, after she moved to North Carolina in 2014, she obtained full-time employment, and was employed at the time of the divorce. This suggests that there was not a need for support at the time the decree was entered. In addition, the Plaintiff testified that the hardship she faces without this money is that she is not able to afford "extras," such as weekend trips. Consequently, the Court finds that there was not a need for support at the time the Superior Court entered the decree. This weighs against a finding that the debt is in the nature of support.

*7. The Nondischargeability Provision*

As mentioned above, the nondischargeability provision in the decree is not effective to render the debt nondischargeable, but it could be some evidence of the parties' intent in making their agreement. However, this provision was not inserted to represent an agreement that the debt is a domestic support obligation. Rather, the Plaintiff appears to have been afraid that the Debtor would immediately file for bankruptcy after the divorce, and the parties inserted this provision as an attempt to assuage those fears. Thus, the Court finds that the nondischargeability provision was simply an attempt to bar the Debtor from receiving a discharge, and does not represent any intent by the parties to treat the debt as support.

Consideration of the above factors compels the conclusion that the $53,000 debt is not in the nature of support. Therefore, the Court concludes that the debt is not excepted from discharge under § 523(a)(5).

## Conclusion

For the reasons set forth above, it is hereby **ORDERED** that the $53,000 debt is not excepted from discharge, and judgment will be entered for the Debtor in accordance with this Order.

The Clerk is **DIRECTED** to serve this order on the Plaintiff, the Debtor, the Chapter 13 Trustee, and their respective counsel.

**END OF DOCUMENT**